[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11905
Non-Argument Calendar

_____

Agency No. A205-734-479

MATEO PABLO-RAFAEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 9, 2020)

Before WILLIAM PRYOR, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Mateo Pablo-Rafael seeks review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) decision denying him asylum and withholding of removal under the Immigration and Nationality Act (INA).  The BIA concluded that Pablo-Rafael's asserted social group—persons sought to be recruited by the Maras gang, where police either acquiesced or were complicit—was not a cognizable particular social group.  Pablo-Rafael asserts that because the BIA made this determination without including any specific references to the facts of his case, the BIA failed to give reasoned consideration to his arguments and applied an incorrect *per se* rule that social groups based on gang activity necessarily lack particularity or social distinction.  After review, we deny the petition.

We review the BIA's decision as the final agency decision.  *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019).  An assertion that the agency applied an incorrect legal standard or failed to give reasoned consideration to an issue is a question of law that we review *de novo*.  *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).  The BIA must consider all evidence that an applicant has submitted.  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).  However, where the BIA "has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each

claim the petitioner made or each piece of evidence the petitioner presented." *Id.* (quotations omitted).

The BIA does not give reasoned consideration to a claim when it misstates the contents of the record, fails to adequately explain its refusal of logical conclusions, or provides justifications for its decision that are unreasonable and that do not respond to any arguments in the record. *Id.* at 1375-77.  In all three of these circumstances, there is "some irreconcilable tension between the [BIA's] opinion and the record evidence" such that we, looking at the record and the BIA's opinion, are forced "to doubt whether we and the [BIA] are, in substance, looking at the same case." *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1334 (11th Cir. 2019).

The BIA gave reasoned consideration to Pablo-Rafael's case. *See Tan*, 446 F.3d at 1374 (explaining to show reasoned consideration, the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted").  Although the BIA's decision did not discuss any specific facts of the case in concluding Pablo-Rafael's proposed social group was not cognizable, Pablo-Rafael's brief to the BIA did not rely on any record evidence in its cognizability arguments. Further, Pablo-Rafael did not provide any country-condition evidence about how Guatemalan society views young men recruited by the gangs, much less "highly relevant" evidence that the BIA needed to address to issue a reviewable decision.

*See Ali*, 931 F.3d at 1334 (stating although the BIA need not to discuss all record evidence, "[i]n some cases, . . . it is practically impossible for the [BIA] to write a reviewable decision without discussing 'highly relevant' evidence"). Thus, the BIA showed reasoned consideration.

Moreover, the BIA did not apply a *per se* rule against gang-based social groups. The BIA did not state that Pablo-Rafael's group was not cognizable merely because it was based on gang recruitment.[1] Instead, the BIA stated that Pablo-Rafael's particular social group did not qualify and cited analogous cases. Because Pablo-Rafael did not provide any specific facts about his individual group's cognizability that would distinguish the general gang-based group case law, the BIA did not commit a legal error or apply a *per se* rule by merely relying on the general case law.

**PETITION DENIED.**

---

[1] In *Matter of S-E-G-*, the BIA held that "Salvadoran youths who have resisted gang recruitment" was not a cognizable particular social group because the group lacked particularity and social distinction. 24 I. & N. Dec. 579, 582-88 (BIA 2008). However, the BIA later emphasized that the holding in *Matter of S-E-G-* "should not be read as a blanket rejection of all factual scenarios involving gangs" because "[s]ocial group determinations are made on a case-by-case basis." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 251 (BIA 2014).